UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO VARGAS CERVANTES (A# 205-380-366),<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | No. 1:26-cv-04467-DC-SCR (HC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 8, 10) |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 2, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (ECF No. 8.) On July 8, 2026, Respondents filed objections to the findings and recommendations and stated that they object "[f]or the reasons set forth in Respondents' previous briefing." (ECF No. 9.) However, those arguments were addressed and rejected by the magistrate judge in this case and by the undersigned in other cases. Specifically, this court has found that a noncitizen who has lived in the United States for an extended period of time without having been admitted is subject to discretionary detention during removal proceedings pursuant to 8 U.S.C. § 1226(a) and is entitled

to a pre-deprivation bond hearing under that section. *See Alvarez Maciel v. Noem*, No. 1:26-cv-01318-DC-CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026) (granting injunctive relief of immediate release for noncitizen who was detained by U.S. immigration authorities after living in the United States for over twenty years); *Acevedo Duran v. Albarran*, No. 1:26-cv-01108-DC-CSK, Doc. No. 11 (E.D. Cal. Feb. 26, 2026) (same as to noncitizen who had lived in United States for approximately 2–3 years). However, as the magistrate judge acknowledges, Respondents do not address Petitioner's substantive arguments nor offer any argument as to the implications of the exhibits they attach to their brief.[1] (ECF No. 8 at 3.) Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

As the magistrate judge found in this case and courts across this jurisdiction have repeatedly found in similar cases, the undersigned likewise finds that, at the time Petitioner was detained on May 5, 2026, he had a liberty interest in his deferred action status and a property interest in his dependent work authorization, that could not be revoked without proper due process. *See Fugon v. Chestnut*, No. 1:26-cv-01841-DC-AC, 2026 WL 878616, at *6 (E.D. Cal. Mar. 31, 2026) (granting preliminary injunction and ordering immediate release for the petitioner who was in deferred action status pursuant to a pending U visa when ICE detained him without process); *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 914 (W.D. Wash. 2025) (stating that the government granting deferred action status and then ignoring it to facilitate detention would

---

[1] For example, Respondents attach a "Request for Evidence" from USCIS dated June 22, 2026, nearly three weeks after Petitioner filed the pending petition, which states:

> On October 4, 2024, U.S. Citizenship and Immigration Services (USCIS) sent you a notice to inform you that your Form I-918, Petition for U Nonimmigrant Status was placed on a waiting list due to unavailability of U nonimmigrant visas. USCIS also placed you in Deferred Action Status (DAS) at that time. USCIS has removed your petition from the waiting list as evidence in the record indicates you may be ineligible for U nonimmigrant status. As your grant of deferred action is contingent to being placed on the waiting list per 8 CFR 214.14(d)(2), and as your petition is being removed from the waiting list, your grant of deferred action is hereby revoked.

(ECF No. 6-3 at 2.) But Respondents do not address whether and how the revocation of Petitioner's deferred action status impacts his present detention.

violate due process). The government's act in detaining Petitioner without prior notice and a hearing effectively nullified his deferred action status, which protected him against initiation of such removal proceedings and allowed him to obtain work authorization. *See Fugon*, 2026 WL 878616, at *6 ("Numerous courts within the Ninth Circuit have found that noncitizens who have been granted deferred action pursuant to a Bona Fide Determination are entitled to protection from removal, and that they maintain a due process property interest in that protection."); *B.D.A.A. v. Bostock*, No. 6:25-cv-02062-AA, 2025 WL 3484912, at *6–7 (D. Or. Dec. 4, 2025) (granting petition for a writ of habeas corpus and ordering release as ICE violated the petitioner's due process rights when it nullified her deferred action status and related work authorization by detaining her without prior notice and hearing). The undersigned therefore agrees with the findings and recommendations recommending that Petitioner's habeas petition be granted on his due process claims, where "[t]he typical remedy is, of course, release." *Munaf v. Geren*, 553 U.S. 674 (2008). The court recognizes the exhibits attached to Respondents' brief reflect that Petitioner incurred criminal charges (some of which were dismissed), but those charges were more than three years before Petitioner's unlawful detention at issue here and Respondents do not argue they were the basis of his detention. (ECF Nos. 6, 6-1.) Further, the court acknowledges that USCIS revoked Petitioner's deferred action status in a Request for Evidence, but that revocation was dated seven weeks *after* Petitioner's detention (ECF No. 6-3); thus, Petitioner's deferred action status was valid at the time of his detention. Consequently, Respondents' attached exhibits do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the undersigned has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the undersigned finds the findings and recommendations to be supported by the record and by proper analysis. The findings and recommendations will therefore be adopted, in part. Specifically, Petitioner's petition for a writ of habeas corpus will be granted on his due process

/////

/////

/////

claims.[2]

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 8) are ADOPTED IN PART;

2. Petitioner Antonio Vargas Cervantes's (A# 205-380-366) application for a writ of habeas corpus (ECF No. 1) is GRANTED as follows:

   a. Respondents are ordered to IMMEDIATELY RELEASE Petitioner from their custody;

   a. Respondents shall RETURN all of Petitioner's documents and possessions upon his release from custody;

   b. If the government seeks to re-detain Petitioner, they shall provide him with a bond hearing pursuant to 8 C.F.R. 1236.1(c)(8) at which Petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety;

3. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

4. Petitioner's motion for a temporary restraining order (ECF No. 10) is DENIED as having been rendered moot by this order;

5. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex; and

/////

---

[2] Because the court is granting the petition on the due process claims, the court need not address any additional grounds raised in the petition and the findings and recommendations. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB (HC), 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, No. 3:25-cv-02405-RBM-AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release"). Indeed, Petitioner is entitled to the habeas relief he seeks based on the court's ruling as to the due process claims.

6. The Clerk of the Court is directed to enter judgment for Petitioner and to close this case.

IT IS SO ORDERED.

Dated: **July 13, 2026**

Dena Coggins
United States District Judge